UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHARD MALINE,

                    Plaintiff,

-against-

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                    Defendant.

**MEMORANDUM & ORDER**

**08-CV-1712 (NGG) (CLP)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff Richard Maline's ("Maline's") motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pl.'s Mot. (Docket Entry # 30).) As set forth below, the court reinstates the parties' stipulation as to attorneys' fees.

## I.  BACKGROUND

On April 25, 2008, Maline brought the instant suit challenging the Social Security Administration's ("SSA's") denial of his claim for Social Security benefits under 28 U.S.C. § 405(g). (Docket Entry # 1.) On December 4, 2008, the parties filed cross-motions for judgment on the pleadings: the Commissioner sought an order of remand for further administrative proceedings (Docket Entry # 14) while Maline sought a judicial determination that he was disabled under the Social Security Act (Docket Entry # 16). On October 21, 2010, the court granted the Commissioner's motion, denied Maline's motion, and ordered Maline's case remanded for further administrative proceedings under "sentence four" of 42 U.S.C. § 405(g). (Mem. & Order (Docket Entry # 22).) The Clerk of Court entered judgment the following day. (Docket Entry # 23.)

1

On January 19, 2011, Maline moved for attorneys' fees under the EAJA. (Docket Entry # 24.) Rather than litigating the fees question, on March 4, 2011, the parties filed a stipulation for fees under the EAJA. (Docket Entry # 27.) On March 15, 2011, however, the court struck the parties' stipulation. (Order (Docket Entry # 29).) The court noted that the EAJA entitles a plaintiff to attorneys' fees only if he is the "prevailing party" and only where the agency's position was not "substantially justified." Id. at 2; see also 28 U.S.C. § 2412(d)(1)(A). Because the court had granted the Commissioner's motion for judgment on the pleadings and denied Maline's cross-motion, the court asked the parties to submit supplemental briefing as to whether, under these circumstances, the "losing" plaintiff could be considered the "prevailing party" and whether the court could construe the "winning" agency's position as not "substantially justified." (Order at 2.) The parties submitted the fully briefed motion on April 15, 2011. (Pl.'s Mem. (Docket Entry # 30); Def.'s Reply (Docket Entry # 32); Pl.'s Reply (Docket Entry # 33).)

## II. DISCUSSION

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, the EAJA allows the court to award fees only to the "prevailing party," and only where the agency's position was not "substantially justified."

### A. "Prevailing Party"

"[T]he term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." Astrue v. Ratliff, 130 S. Ct. 2521, 2525 (2010). "[A] 'prevailing party' is one who has been awarded some relief by the court . . . ." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001). In the social security context, a

2

sentence-four remand is a form of judicial relief from the Commissioner's denial of benefits because "a sentence-four remand. . . terminates the litigation with [a] victory for the plaintiff." Shalala v. Schaefer, 509 U.S. 292, 301 (1993). This makes the plaintiff a "prevailing party" under the EAJA. Id. A plaintiff is the "prevailing party" under the EAJA when he receives a sentence-four remand "[r]egardless of the wording of the complaint or the actual relief sought in the district court." McGill v. Sec'y of Health and Human Servs., 712 F.2d 28, 31-32 (2d Cir. 1983).

Here, Maline sought a judicial determination that he was disabled, and specifically opposed the Commissioner's request for a sentence-four remand. (Docket Entry # 16 at 24-25.) The court denied that motion and instead granted the Commissioner's motion to remand Maline's case to the SSA. (Mem. & Order.) At first blush, this would seem to be a "win" for the Commissioner and a "loss" for Maline. But because the court ordered a sentence-four remand, a form of judicial relief from the Commissioner's denial of benefits, Maline is nevertheless the "prevailing party" for purposes of the EAJA, regardless of whether he sought this relief in his papers. See Schaefer, 509 U.S. at 301; McGill, 712 F.2d at 31-32. Maline, therefore, meets the first prong of the test for fees under the EAJA.

B.   Not "Substantially Justified"

An agency's position is "substantially justified" where it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The burden is on the Commissioner to prove this mixed question of fact and law. See Burger v. Astrue, 363 F. App'x 73, 75 (2d Cir. 2010) (citing Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 82 (2d Cir. 2009)). "When assessing the position of the United States, we review both the position taken by the United States in the civil action, and the action or failure to act by the agency upon which the civil action is based." Id. (internal punctuation omitted).

3

Here, "the Commissioner conceded in filing his Motion for Remand that legal error had occurred at the agency . . . [and] does not argue that his position was substantially justified." (Def.'s Reply at 3.) Because of this concession, the Commissioner has, albeit intentionally, failed to carry his burden to show that his position was "substantially justified." Accordingly, Maline is entitled to fees and costs under the EAJA.

## III. CONCLUSION

The parties' stipulation for attorneys' fees under the EAJA (Docket Entry # 27) is reinstated. An order regarding that stipulation will issue separetely.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 28, 2011

NICHOLAS G. GARAUFIS
United States District Judge